UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

CARA MARIE GUNN-GERBER,

      **Plaintiff,**

    **v.**                            **Case No.:  5:26-cv-00271-JSS-PRL**

USPS OFFICE OF INSPECTOR
GENERAL, ALAN KRYSIAK,
CHARLES GLAYDOR,

      **Defendants,**

                             /

**ORDER**

This action arises out of Plaintiff's employment as a contract mail carrier for the United States Postal Service. In her Complaint, Plaintiff has named four Defendants: (1) the United States Postal Service; (2) Inspector General of the United States Postal Service in his official capacity; (3) Alan Krysiak, Postmaster of the Lecanto Post Office; and (4) Charles Claytor, Supervisor of the Lecanto Post Office. Plaintiff has filed returns of service for Defendants Charles Claytor (Doc. 11), Alan Krysiak (Doc. 12), and the USPS Inspector General (Doc. 13). She has now filed a motion for entry of clerk's default (Doc. 21) and motion for default judgment (Doc. 22) as to all Defendants claiming that they have failed to respond to the Complaint.

Pursuant to Federal Rule of Civil Procedure Rule 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." However, before a clerk's default can be entered, the serving party must establish that the defaulting party was properly served. *See Colclough v. Gwinnett Pub. Schs.*, 734 F. App'x 660, 662 (11th

Cir. 2018) (per curiam) (finding that the court could not enter a clerk's default where the plaintiff had not properly served the defendant) (citations omitted); *Chambers v. Halsted Fin. Servs., LLC*, No. 2:13-cv-809-FtM-38CM, 2014 WL 3721209, at *1 (M.D. Fla. July 28, 2014) ("Prior to directing the [c]lerk to enter a default, [a c]ourt must first determine whether the [p]laintiff properly effected service of process.") (citation omitted).

Here, Plaintiff is purporting to sue the United States Postal Service which is an agency of the United States; the USPS Inspector General (the head of the Office of Inspector General, which is an independent agency within the USPS) in his official capacity; and two employees of the USPS—Charles Claytor and Alan Krysiak—but does not specify whether she is suing them in their official or individual capacity.

Federal Rules of Civil Procedure Rule 4(i) governs service of the United States and its agencies, corporations, officers, or employees. To serve a United States agency or an officer or employee sued only in an official capacity, a party must serve the United States as set forth in Fed. R. Civ. P. 4(i)(1) and must also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee.  And if an officer or employee is sued in an individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf, a party must serve the United States and also serve the officer or employee under Rule 4(e), (f), or (g).

According to the returns of service filed with the Court, Plaintiff served Charles Claytor and Alan Krysiak at 320 S. Lecanto Hwy, Lecanto FL 34460, which appears to be the Lecanto Post Office (Docs. 11, 12); and the USPS Inspector General at the Office of the Inspector General USPS at 955 L'Enfant Plaza SW, Washington, DC 20024 (Doc. 13). There is no return of service showing that service was made upon the United States Postal Service.

And there is no proof that service was made upon the United States as to any of the Defendants as required by Fed. R. Civ. P. 4(i).

Because Plaintiff has failed to establish that any of the Defendants were properly served, her motion for clerk's entry of default (Doc. 21) and motion for default judgment (Doc. 22) are d**enied**. Plaintiff is reminded that a motion for default judgment cannot be filed prior to obtaining entry of clerk's default.

DONE and ORDERED in Ocala, Florida on July 2, 2026.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Party